CHIEF JUSTICE McGRATH,
concurring.
¶21 Montana law allows landowners to transfer property, effective upon the death of the grantor, without a will or a probate proceeding, by executing a beneficiary deed. Section 72-6-121, MCA. To be valid, a beneficiary deed must be properly executed and recorded in the office of the clerk and recorder of the county in which the property is located, prior to the death of the owner. Section 72-6-121(5), MCA.
¶22 Had Mr. Heigis signed and recorded a beneficiary deed, this litigation could have been avoided. Emmert would have been the owner of the property. Now, however, this action has been commenced and the law regarding beneficiary deeds is not available to aid the court in resolving this matter. Section 72-6-121(9), MCA, provides in pertinent part: “This section does not invalidate any deed otherwise effective by law to convey title to the interests and estates provided in the deed that is not recorded until after the death of the owner.” As the majority holds, the District Court must determine whether the deed was legally delivered.
¶23 But for the provisions in subsection (9), I would hold that the deed was a beneficiary deed, but invalid for failure to be properly recorded prior to Heigis’ death.